# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| Case Title: | Pilar Mercedes Jimenez v. Wells Fargo Bank, N.A. |
| Case Number: | 05-01150 |

### Document Information

| | |
|---|---|
| Description: | Order Granting in Part [33-1] Motion To Compel Discovery Responses by Pilar Mercedes Jimenez . |
| Received on: | 2006-03-31 09:28:59.000 |
| Date Filed: | 2006-03-31 00:00:00.000 |
| Date Entered On Docket: | 2006-03-31 00:00:00.000 |

### Filer Information

| | |
|---|---|
| Submitted By: | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:   PILAR MERCEDES JIMENEZ,                             No. 7-05-15473 MA

    Debtor.

_____

PILAR MERCEDES JIMENEZ,

    Plaintiff,

v.                                                            Adversary No. 05-1150 M

WELLS FARGO BANK, N.A.

    Defendant.

## ORDER GRANTING, IN PART, PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on the Plaintiff's Motion to Compel ("Motion"). The Motion seeks to compel Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") to supplement its responses to several requests for production and interrogatories served on December 28, 2005. The Court held a final hearing on the Motion on March 15, 2006 and took the matter under advisement. Wells Fargo has since filed Supplemental Responses to Plaintiff's First Request for Production of Documents and First Set of Interrogatories ("Supplemental Response"). Upon review of the requests for production, the interrogatories, the responses thereto, and the Supplemental Response, the Court finds that the Motion should be granted in part. The Court will address each request and response in turn.[1]

---

[1] Instead of reprinting each request for production or interrogatory in full, the Court has attempted to summarize the substance of each request.

1

INTERROGATORIES

      A. Interrogatory No. 2 requests a description of the corporate structure of Wells Fargo, including the Deposits Bankruptcy Department, any and all subsidiary companies, parent companies, or other related companies, and the relationship between Wells Fargo Bank of New Mexico, N.A. and Wells Fargo. Defendant's response to Interrogatory No. 2 is inadequate. Defendant must supplement its response by identifying how the Deposits Bankruptcy Department fits within the corporate structure of Wells Fargo, and by specifying how "Wells Fargo Bank New Mexico, N.A. was succeeded by Wells Fargo Bank, N.A." It is not clear from Defendant's response whether Wells Fargo Bank New Mexico, N.A. was merged into Wells Fargo Bank, N.A., or whether or how Wells Fargo Bank, N.A. became the successor in interest to Wells Fargo Bank New Mexico, N.A.

      B. Interrogatory No. 3 requests the identification of all fact witnesses Defendant intends to call at trial, including name, address, telephone number, employer and office, along with a description of the testimony each witness will provide. Defendant supplemented its response to Interrogatory No. 3 by identifying four witnesses by name, but did not provide their addresses, telephone numbers, employers or offices. Nor did Defendant describe the nature of these witnesses' testimony other than to state that Yvette Gonzales, Michael Slade, and Luana Tafoya have each previously submitted affidavits in this adversary proceeding. These responses are inadequate. Moreover, Defendant's objection that a response to this interrogatory is premature defies the Court's imagination, given that as of the date Defendant served its answers to interrogatories on Plaintiff a final hearing on damages was scheduled less than two months later.
Defendant must supplement its response and identify all witnesses it intends to call at trial. Any

witnesses not identified in a supplemental response within the deadlines established by this order will not be allowed to testify at trial.

C. Interrogatories No. 4 and 5 concern expert witnesses. Interrogatory No. 4 requests the identification of all expert witnesses Defendant intends to call at trial, including the subject of each expert witness's expertise and the facts upon which each expert relied in forming his or her opinion. Interrogatory No. 5 requests the identification of all experts Defendant relied upon or consulted with but whom Defendant does not intend to call at trial.

Defendant supplemented its response to Interrogatories No. 4 and No. 5, but continues to object on grounds that information about experts and expert testimony is not discoverable under applicable rules. Defendant states that is has not retained any experts in this matter, either to testify or to consult, nor has it reached a decision about whether it will retain an expert to testify. Plaintiff's Interrogatory No. 5 does not ask for information prohibited by Rule 26(b)(4)(B), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7026, Fed.R.Bankr.P. because it does not seek discovery of facts known or opinions held by an expert, but simply requests the identification of any expert Defendant has called upon or plans to call upon to consult, along with the resume and background information about the expert. Defendant must supplement its response and identify all expert witnesses it intends to call at trial, and any expert witness it has consulted with or intends to consult with, as well as the other information requested in Interrogatories No. 4 and No. 5. Any expert witnesses not identified in a supplemental response within the deadlines established by this order will not be allowed to testify at trial.

E. Interrogatory No. 8 requests a description of the objectives, policies, personnel, authority,

and management of the Deposits Bankruptcy Department, and any personnel who participated in the policy decision to administratively freeze the depository accounts of customers who file bankruptcy petitions. Defendant's response to Interrogatory No. 8 is insufficient. The form of Interrogatory No. 8 is acceptable. Defendant must supplement its response to Interrogatory No. 8.

F. Interrogatories No. 9 and 10 ask for a description of any litigation involving Wells Fargo on the issue of frozen bank accounts and the turnover of bank accounts to a trustee, including setoff cases and cases with similar facts to the instant case. Defendant supplemented its response to Interrogatories No. 9 and 10 with a list of identified cases attached to the Supplemental Response as Exhibit A. The supplemental response to Interrogatories No. 9 and 10 is reasonable, and no further supplement is required.

## REQUESTS FOR PRODUCTION

A. Request for Production No. 1 requests all exhibits Defendant intends to introduce at the trial on damages. Again, Defendant responded that the request was premature. As stated above, the Court is surprised that Defendant can refuse to respond to a request for production of exhibits it intends to introduce at trial on grounds that such request is premature when at the time the Defendant responded to the request, a trial date had been set which was less than two months in the future. Defendant's Supplemental Response identifies exhibits it is likely to introduce at trial and indicates that they have been produced. If Defendant intends to introduce any exhibits other than the exhibits previously identified and produced, it must supplement its response and identify and produce all exhibits it intends to introduce at trial. Any exhibits not identified and produced in a supplemental response within the deadlines established by this order cannot be introduced at trial.

4

B. Request for Production No. 3 seeks balance sheets, profit and loss statements, cash flow statements and tax returns for Wells Fargo and any subsidiary corporation, parent corporation or other related entity for 2004 and 2005, and to the extent that the Deposits Bankruptcy Department is a separate entity, the same documentation for that entity.

Defendant supplemented its response by attaching a copy of a Report of Condition as of December 31, 2005, but otherwise restated by reference its objection to this request. Defendant's objection is based on the assertion that punitive damages are not warranted, and that even if they were, they cannot be based on anything concerning actions, policies or assets outside of the District of New Mexico. The Court finds no basis for this contention. On the other hand, the request is overbroad. Defendant can respond to Request for Production No. 3 by identifying or producing its SEC filing for any public company and by providing the requested information for any non-public subsidiary or related company.

C. Request for Production No. 5 seeks correspondence, policy statements, memoranda or other data compilation internal to Wells Fargo related to the policy calling for administrative freezes of the depository accounts of customers who file bankruptcy. This request for production is overbroad, and the Court agrees that asking Defendant to determine what documents may be "related to" its policy is difficult. Nevertheless, the Court finds that Plaintiff is entitled to documents that discuss the formulation, implementation, and application of the policy. The Court therefore restates the request for production as follows:

> **Request No. 5.** Any document, electronic or paper, which describes the formulation, implementation, and/or application of the policy calling for administrative freezes of the depository accounts of customers who file bankruptcies, including documents

5

describing the initial formulation of the policy, but excluding any documents created after July 14, 2005.

Defendant must supplement its response to the restated Request for Production No. 5.

D. Request for Production No. 6 requests any written policies, regulations, or guidelines which relate in any way to the depository accounts of Wells Fargo customers who file bankruptcy, organized chronologically, and asks for all policies that have been in effect over the past ten years. The Court finds that this Request for Production is reasonable and that Defendant's response is insufficient. Defendant must supplement its response to Request for Production No. 6.

WHEREFORE IT IS HEREBY ORDERED that Defendant supplement its responses to interrogatories and its responses to Plaintiff's requests for production as outlined in this Order within fifteen (15) days of the date of entry of this Order. Based on the Court's ruling, no attorney's fees will be awarded.

ORDERED FURTHER, that the hearing scheduled for April 13, 2006 is vacated.

ORDERED FURTHER, that by **April 21, 2006,** each party file with the Court and serve on opposing counsel a list of witnesses each party intends to call at trial and a marked copy of each exhibit each party intends to introduce into evidence at trial.

ORDERED FURTHER, that the discovery completion deadline is **May 31, 2006.**

ORDERED FINALLY, that a **final hearing** on damages is set for **Monday, June 12, 2006, at 9:30am.**

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Michael K. Daniels
Attorney for Plaintiff
PO Box 1640
Albuquerque, NM 87103

James L. Rasmussen
Attorney for Defendant
PO Drawer AA
Albuquerque, NM 87103

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545

7